690  NEW JERSEY MISCELLANEOUS REPORTS.

Passaic County Cir. Ct.—Merchants Bank of Passaic v. Roosma.

PASSAIC COUNTY CIRCUIT COURT.

MERCHANTS BANK OF PASSAIC, plaintiff,

*v.*

GARRET ROOSMA, defendant.

**Judgments—Summary—Notes—Endorser's Liability—Notice and Protest—Alleged Release of Accommodation Endorser—Use of Collateral Security Before Action Against Endorser.**

On motion to strike out answer and for summary judgment.

*Mr. Henry C. Whitehead,* for the plaintiff.

*Mr. Winfield J. Schleich* and *Mr. J. Willard De Yoe,* for the defendant.

NEWMAN, J.

This is an application to strike out an answer as sham and frivolous and for summary judgment in behalf of plaintiff on four promissory notes made by 54 West 57th Street Company, Inc., a corporation, payable at the place of business of plaintiff, and endorsed by defendant, and of which notes plaintiff became a *bona fide* holder for value in due course before maturity.

The facts as alleged by the respective parties are set forth by the affidavits presented, and, if the affidavits presented by defendant controvert any fact alleged by plaintiff essential to a recovery, the motion must be denied.

The moneys upon these notes was loaned by the bank to the maker upon the strength of the endorsement of the defendant, who was its originator and chief stockholder, as well as a director of the plaintiff bank.

The first point urged by defendant bank in his answer and argument is that he is not liable as endorser upon the notes for $1,500 and $2,000, because they were not properly protested by one Hackett as a notary public, and no notice of protest or dishonor was given.

The uncontradicted affidavit of Lauffer as to each note shows that on the day of maturity "deponent as agent for Merchants Bank of Passaic [the plaintiff], and representing Edward F. Hackett, notary for said bank, presented the said note to the teller of the Merchants Bank of Passaic, and demanded payment therefor, and the said teller refused to pay the same, saying 'not good,' and that on the same day he mailed notice of dishonor and protest to defendant at his address," the address being given. The notice is set forth in full and purports to be signed by Edward F. Hackett, notary public.

In support of this contention, counsel for defendant in their brief argue that "there is no evidence that the notes were protested by the notary. No demand was made by him for the payment of these notes. There is no authority given by the statute for a notary to delegate his duties."

This argument seems to be based upon the somewhat prevalent, but, nevertheless, errneous assumption that to hold an endorser upon a promissory note, it is necessary that a notary shall protest it.

The engagement of such an endorser is that if the note is presented for payment at the time and place of maturity and payment demanded and refused, and proper notice given to such endorser of such demand and refusal, he will pay the note to the holder.

The statute providing for the protest of a promissory note by a notary was not intended to make such a protest, a condition precedent to liability of the endorser, but to supply a convenient means of proving demand and notice of dishonor by the certificate of the officer performing the service, *Mackintosh* v. *Gibbs, 81 N. J. Law 577.*

In the case of *Sussex Bank* v. *Baldwin, 17 N. J. Law 487,* the demand was made by one who was the clerk for one who

was the agent of the notary, by whom the notice was sent, being one step further removed than in the case at bar, and yet the endorsers were held liable.

That defendant received no notice of protest presents no defense. *Battery Park Bank* v. *Ramsay, 100 Atl. Rep. 51.* This defense is therefore sham.

Defendant in his answer alleges ignorance of the ownership of the notes by plaintiff, and in his argument further urges that plaintiff must prove that it is the holder of the notes and that they are unpaid. A sufficient answer to this contention is that plaintiff's affidavits so state, and, in addition to that, possession is *prima facie* proof of ownership, and payment is a defense. This defense is sham.

The first separate defense alleges that defendant was released from liability on the notes by the plaintiff.

It appears that Robert D. Kent, the president, and Edward F. Hackett, the treasurer, of plaintiff bank, personally and with others (including defendant) took over all the capital stock of said 54 West 57th Street Company, Inc. Defendant then alleges in his affidavit "at the time that said company was taken over by the aforesaid parties, it was understood between deponent and Robert D. Kent, president of the Merchants Bank of Passaic, Edward F. Hackett, treasurer and cashier of the Merchants Bank of Passaic, that deponent was not to be held accountable to the bank by reason of his endorsement being on the former notes or any renewals thereof."

This does not present any evidence of a legal release on the part of plaintiff. The consideration, if any, passed to these men personally, and the allegation ought not to be construed as an attempt to bind plaintiff. If it was so intended by defendant it would be nugatory, since there was no consideration to plaintiff to support it, if intended as a release by the bank made by its officers for a consideration passing to them personally, it would be a fraud upon it, to which defendant knowingly was a party. In either event it would be unavailing to defendant.

This defense is therefore sham.

Defendant by his second and fifth separate defenses alleges that he was an accommodation endorser, but that is no defense to an action by a holder for value, notwithstanding such holder at the time of taking the note knew him to be such. *Comp. Stat. p. 3738 § 29.*

These defenses are therefore frivolous.

By his third and fourth separate defenses defendant alleges that plaintiff held collateral security of the maker, which it declined and refused to dispose of, and apply the proceeds in reduction of its indebtedness on said notes.

There was no such legal obligation on the part of plaintiff. Defendant, on paying the notes, was entitled to be subrogated to the rights of plaintiff as to the collateral. *Brick* v. *Freehold Bank, 37 N. J. Law 307; Polhemus* v. *Prudential Realty Co., 74 N. J. L. 570.* Nor can his rights be affected by any delay on the part of plaintiff in bringing suit. *Brick* v. *Frehold Bank, supra.*

These defenses are therefore frivolous.

The sixth separate defense charges that the officers of the bank and of the maker are the same and are chargeable with notice.

This is likewise frivolous, as there is nothing in this case of which the plaintiff is of any importance.

Plaintiff having presented affidavits verifying its cause of action, stating the amount claimed and expressing the belief that there is no defense to the action, and defendant having failed by affidavit or other proofs to show such facts as are deemed by me to be sufficient to entitle him to defend, and the whole of said answer being either sham or frivolous, the answer will be struck out and judgment entered for the amount due plaintiff as shown by the affidavit of its president, Robert D. Kent, except protest fees claimed on the notes of $1,500 and $2,000, respectively, together with accrued interest thereon to date of entry of said judgment.